Alex MARKOVICH, et al.

v.

VASAD CORPORATION, et al.

Civ. A. No. 84–3636.

United States District Court,
E.D. Pennsylvania.

Feb. 21, 1985.

Steven L. Friedman, Philadelphia, Pa., for plaintiffs.

Stephen P. Patrizio, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendant Hopkins' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) and in the alternative, because the complaint is vague, defendant seeks a more definite statement pursuant to Fed.R.Civ.P. 12(e) and 9(b). Defendant has also requested in his motion, attorney's fees, since he claims the plaintiffs brought the instant motion with vexatious intent. In an attempt to remedy certain vagueness of their complaint, plaintiffs have motioned this court for leave to amend their pleadings.[1]

■ I turn first to plaintiffs' motion for leave to amend their complaint. Rule 15 of the Federal Rules of Civil Procedure states in pertinent part, "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served ...". Because a motion to dismiss is not a responsive pleading, the plaintiffs may amend their pleading once as a matter of course. *Bates v. Western Electric*, 420 F.Supp. 521 (E.D.Pa.1976); *Simmons Co. v. Cantor*, 3 F.R.D. 197 (W.D.Pa.1943). Therefore, I do not need to rule upon plaintiffs' motion.

Because defendant Hopkins has motioned this court to dismiss for failure to state a claim, the plaintiffs' complaint will be viewed most favorably to them, the non-moving parties. Based upon the pleadings,[2] the alleged facts are as follows.

In the late spring of 1982, plaintiff Markovich met with and was requested to assist Vasad[3] by helping defendant Priljeva, an officer and 50% owner of Vasad, place a substantial medical equipment order for three hospitals in Africa. Plaintiff Markovich was to be compensated on a commission basis. Subsequently defendant Priljeva, after Markovich secured suppliers, was unable to confirm the orders. In the summer of 1982, defendant Hopkins, an officer of Vasad, and defendant Priljeva assured plaintiff Markovich that certain buyers had been secured in Iraq. To process these prospective orders, defendants Hopkins and Priljeva informed plaintiff Markovich that defendant Vasad needed an inventory data processing system to enable it to process the prospective orders. At this time plaintiff Markovich contacted plaintiff Jones and introduced him to defendants Hopkins and Priljeva. Subsequently, defendant Vasad entered into a contract with Jones to design a data processing system. Jones was paid $2,250 initially, with $12,750 to be paid at a later date. The system was completed by plaintiff Jones by November, 1982; plaintiff demanded the remaining $12,750, but defendant Vasad failed to make payment.

In October of 1982, defendants Hopkins and Priljeva allegedly induced plaintiffs

---

1. Plaintiffs unmeticulously attached this motion to their response to defendants' motion.

2. As the defendants have not answered plaintiffs' complaint, the plaintiffs' allegations, for the purpose of this matter now before the court, will be viewed as the facts.

3. Refers to defendant Vasad Corporation and its successor Vasad International, Inc. Vasad is engaged in international commerce as a broker-intermediary between businesses in the United States and businesses overseas.

Markovich and Jones to make certain investments in Vasad. This was allegedly accomplished by the defendants Hopkins and Priljeva making representations that Vasad was the only American company to hold a general class import/export license with Iraq, that certain contacts had been made in Iraq, Lebanon, and Saudi Arabia which would result in substantial sales and that defendants Hopkins and Priljeva had already invested $200,000. In consideration of the requested sum of $35,000 from Markovich and Jones, Markovich would receive one-quarter of Vasad's voting stock and Jones would receive either non-voting stock in Vasad or an interest bearing note.

Markovich and Jones, relying upon defendants' representations, tendered $17,500 each for a total of $35,000. Because of the exigency for the funds, written agreements evidencing the investments were not drawn up at the time the plaintiffs tendered their money, but rather were postponed for a later time. Subsequently, plaintiffs demanded either written memorandum of their investments or the return of their money, but neither was provided.

In January, 1983, defendants Hopkins and Priljeva requested that plaintiff Markovich, acting as an agent for defendant Vasad, accompany Priljeva on a trip to Yugoslavia to solicit an order for Vasad. Furthermore, Markovich was assured that he would be reimbursed for his travel expenses. Although the trip resulted in a letter of intent to purchase, plaintiff has not been reimbursed for his travel expenses.

Count I of plaintiffs' complaint alleges securities fraud. Plaintiffs assert a cause of action upon the authority of Title 15 U.S.C. §§ 77l (2), 77o and 77q(a).[4]

Defendant asserts that the statute of limitation has expired. Defendant claims that paragraph 21 of plaintiffs' complaint suggests that the plaintiffs had knowledge of the alleged fraud approximately one and

---

4. 15 U.S.C. § 77l (2) states:

§ 77l Civil liabilities arising in connection with prospectuses and communications

Any person who—

   *   *   *   *   *   *

(2) offers or sells a security (whether or not exempted by the provision of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

15 U.S.C. § 77o states:

§ 77o. Liability of controlling persons

Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

15 U.S.C. § 77q(a) states:

§ 77q. Use of interstate commerce for purpose of fraud or deceit

(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

one-half years prior to instituting this action. Paragraph 21 states: "Markovich and Jones were unaware of the misrepresentations or could not reasonably have known of the misrepresentations until at least after December 1, 1982."

Plaintiffs filed the instant action in July of 1984. Because paragraph 21 may be read to infer that plaintiffs had knowledge of the alleged fraud over one year prior to instituting the instant action, defendant Hopkins asserts that the one year statute of limitations has expired. The applicable statute of limitations are:

15 U.S.C. § 77m Limitation of actions

No action shall be maintained to enforce any liability created under section 77k or 77*l* (2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77*l* (1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action by brought to enforce a liability created under section 77k or 77*l* (1) of this title more than three years after the security was bona fide offered to the public, or under section 77*l* (2) of this title more than three years after the sale.

and

70 Pa.Stat.Ann. (Purdon Supp.1984–85) § 1–504. Time limitations on rights of action

(a) No action shall be maintained to enforce any liability … unless brought before the expiration of three years after the act or transaction constituting the violation or the expiration of one year after the plaintiff receives actual notice or upon the exercise of reasonable diligence should have known of the facts constituting the violation, whichever shall first expire.

While § 77m, *supra,* is applicable to Title 15 U.S.C. §§ 77*l* (2) and 77*o*, section 1–504, *supra,* is applicable to Title 15 U.S.C. § 77q(a). *Goodman v. Moyer,* 523 F.Supp.

35 (E.D.Pa.1981) (Pennsylvania one year statute of limitations under Pennsylvania Securities Act was applicable to federal claims under 15 U.S.C. § 77q); *Newman v. Prior,* 518 F.2d 97 (4th Cir.1975) (statute of limitations contained in the Securities Act of 1933, 15 U.S.C. § 77a *et seq.,* does not apply generally to that act's prohibition against use of fraud in connection with sale of a security, rather federal courts must apply analogous statute of limitations from forum state).

■ The statute of limitations require plaintiffs to bring an action within one year after learning of the fraud or within one year after they should have discovered the fraud by exercising due diligence. Plaintiffs have left unaccountable a period in excess of 18 months prior to bringing the action when they claimed they learned of the fraud. Indeed, plaintiffs claim it was at least after December, 1982 when they learned of the misrepresentations; the instant action was brought in July, 1984. If the misrepresentations were discovered by the plaintiffs outside the one year period, the plaintiffs' action should be barred. However, I am unable to uncover the date when plaintiffs learned or should have learned of the misrepresentation. Therefore, in fairness to the defendants, plaintiffs must be required to amend their complaint to disclose the date they learned of or should have learned of the misrepresentations. *Kirschner v. Cable/Tel. Corp.,* 576 F.Supp. 234 (E.D.Pa.1983).

■ Defendant Hopkins asserts that a Title 15 U.S.C. § 77q(a) (footnote 4, *supra* ) does not support a private cause of action. The Third Circuit has not addressed the question, whether or not section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), permits a private cause of action, although there is an abundance of authority which permits such a private cause of action. *See* cases noted in *Kimmel v. Peterson,* 565 F.Supp. 476, 482, n. 6 (E.D.Pa. 1983). Notwithstanding, the more reasoned analysis was enunciated by Judge Giles in *Kimmel,* where the court held that

a private cause of action does not exist. *See also In re Catanella and E.F. Hutton and Company, Inc. Securities Litigation,* 583 F.Supp. 1388, 1419 (E.D.Pa.1984); *Hill v. Der,* 521 F.Supp. 1370 (D.Del.1981); *cf. Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) (the mere fact that a statute was designed to protect a certain group of class of people does not imply a private cause of action); *United States v. City of Philadelphia,* 644 F.2d 187 (3d Cir.1981) (the court is reluctant to infer an additional statutory remedy that is significantly broader than those which Congress has explicitly provided). Accordingly, I find that Title 15 U.S.C. § 77q does not provide a private cause of action. Yet, a private cause of action does exist under 15 U.S.C. § 77*l*. Therefore, count I is a viable cause of action.

■ Defendant argues that count I fails to properly allege a securities transaction, a violation of which could be the basis upon which relief could be granted. Defendant directs this court to state law which requires a writing;[5] 13 Pa.Cons.Stat.Ann. § 8319(1) (Purdon Supp.1984) which states in part:

§ 8319. Statute of frauds

A contract for the sale of securities is not enforceable by way of action or defense unless:

(1) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; ....

The defendant here has failed to direct this court to any authority which requires federal courts to adopt substantive state law where a dispute arises under a federal statute, namely 15 U.S.C. § 77*l*, as is the situation here. Moreover, defendant has failed to read subparagraph (2) of section 8319, *supra,* which states:

A contract for the sale of securities is not enforceable by way of action or defense unless:

\* \* \* \* \* \*

(2) delivery of the security has been accepted or *payment has been made* but the contract is enforceable under this paragraph only to the extent of such delivery or payment; .... (emphasis added)

Thus, the statute of frauds would not apply where a party has performed either by delivering the money or securities, notwithstanding the fact that there is not a writing. The plaintiffs have alleged that they have tendered $35,000. For these reasons defendant's claim that the transaction must be evidenced in a writing must fail.

■ Count II of plaintiffs' complaint asserts a cause of action arising under the Securities Act of 1934 specifically 10(b), 15 U.S.C. § 77j and Rule 10b–5, 17 C.F.R. 240.10b–5 promulgated under it. Defendant asserted the same statute of limitations argument that was asserted to dismiss count one. For the reasons already stated, *supra,* this argument must fail. Defendant also argues that the statute of frauds, 13 Pa.Cons.Stat.Ann. § 8319, *supra,* bars plaintiffs' claim because there is no written document evidencing the securities transaction. However, the fact that plaintiffs delivered $35,000 to the defendants and the fact that the federal courts are not bound by state substantive law where a federal statute is the gravamen of the claim, as is here, disposes of defendant's argument.

■ Count III of plaintiffs' complaint asserts a claim under the Racketeer Influenced Corrupt Organization Act, Title 18 U.S.C. § 1964. However, because plaintiffs fail to allege that defendants have been convicted of two of the acts set out under 18 U.S.C. § 1961 (which is a requirement for showing a, "pattern of racketeering activity"), they have not alleged a claim under 18 U.S.C. § 1964. *Viola v. Bensa-*

---

**5.** The plaintiffs allege that they delivered $35,-000 to the defendants, on an oral understanding that the transaction would be reduced to a writing; the reduction to a writing was never done.

 

*lem Township,* 601 F.Supp. 1086 (E.D.Pa. 1984).

 I turn now to defendant's claim that the plaintiffs have not set out their claims with sufficient particularity as is required under Rule 9(b) and 12(e)[6] of the Federal Rules of Civil Procedure. Except for the ambiguity in paragraph 21 of plaintiffs' complaint pertaining to the time plaintiffs learned or should have learned of the fraud, which I addressed above, I do not find the complaint vague or ambiguous. Conversely, it is sufficiently particular to place defendants on notice of the fraud that they are to defend against (see the alleged facts, *supra*). Rule 9(b) of the Federal Rules of Civil Procedure does not require particularity to the degree so as to supplant general discovery methods. *Hagstrom v. Breutman,* 572 F.Supp. 692 (N.D. Ill.1983). Here plaintiffs put defendants on notice as to the general time period, the nature of the discussions which took place between the parties, and the grounds upon which plaintiffs' action is based. Although the plaintiffs could have provided more information, I find that the complaint, except for paragraph 21, meets the requirement of Rule 9(b) and 12(e). Accordingly, plaintiffs will be required to provide a more definite statement as to paragraph 21.

Counts IV and V of plaintiffs' complaint concern common law fraud and breach of contract, respectively. Defendant seeks dismissal of these two counts asserting that since the plaintiffs have failed to set out a claim under the federal statutes alleged in counts I through III, the court must dismiss the state claims. Although I have dismissed count III, I have not dismissed counts I and II, thus I may still exercise pendent jurisdiction. However, I need not rule, at this time, as to whether or not I will exercise pendent jurisdiction.

Thus counts IV and V will not be dismissed.

Last, I must address defendant's request for attorney's fees. Defendant has not brought to the court's attention any valid reasons why he is entitled to attorney's fees. Furthermore, I do not find it proper in the matter before me to grant defendant his attorney's fees for making the instant motion. The defendant's motion for attorney's fees will be denied.

---

**6.** Fed.R.Civ.P. 9 states in pertinent part:

(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity....

Fed.R.Civ.P. 12 states in pertinent part:

(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleadings....