**METRO COMMUNICATIONS, INC. t/a Metrosports, Plaintiff,**

v.

**The BALTIMORE RADIO SHOW, INC., d/b/a WFBR and Marcia Cherner, Defendants.**

**Civ. A. No. 85–1352.**

United States District Court, W.D. Pennsylvania.

Oct. 22, 1986.

---

**4.** The testimony to this effect was substantially uncontroverted.

**5.** The debtor has made no contention to the contrary.

**10**

Stephen Laidhold, David W. Lampl, Pittsburgh, Pa., for plaintiff.

Pamela A. McCallum, Pittsburgh, Pa., H. Mark Stichel, Baltimore, Md., for Baltimore Radio Show.

Louis P. Robbins, Jonathan L. Farmer, Washington, D.C., George L. Cass, Robert L. Frantz, Pittsburgh, Pa., for Marcia Cherner.

## OPINION

GERALD J. WEBER, District Judge.

Presently pending is the motion of defendant Marcia Cherner to dismiss for lack of personal jurisdiction, for failure to state a claim, and for reasons of abstention. We find the latter two arguments to be clearly without merit and so we address only the matter of personal jurisdiction.

Plaintiff has responded to defendant's motion with two arguments: that because plaintiff is a debtor in bankruptcy the Bankruptcy Rules permit nationwide service of process; and Cherner has sufficient minimum contacts with this forum to justify the exercise of in personam jurisdiction. Because the first issue is purely legal, we have focused on it and stayed discovery, including that directed to the issue of defendant's contacts with the forum.

We are now in possession of the parties' briefs, supplemental briefs and second supplemental briefs, none of which sheds much light on the murky waters we navigate here between the jurisdiction and rules of the Bankruptcy Court and the District Court. For the reasons stated below, we conclude that nationwide service of process provided by Bankruptcy Rule 7004(d) is inapplicable here and therefore cannot establish this court's in personam jurisdiction over defendant Cherner.

### Facts

Plaintiff is in the business of sports syndication and for some years had a contractual arrangement with defendant WFBR to create and administer a network of various radio stations to carry broadcasts of the baseball exploits of the Baltimore Orioles. Plaintiff's responsibility included the recruitment of radio stations to join the network.

Defendant Marcia Cherner was employed by the plaintiff and was involved in the job of recruiting stations for the Oriole's network. In December, 1984, under circumstances as yet undisclosed in this litigation, Cherner's employment relationship with plaintiff ended.

Defendant WFBR subsequently decided to terminate its contractual relationship with the plaintiff with regard to the Oriole's network. WFBR then enlisted defendant Cherner, no longer employed by the plaintiff, to assist in recruiting stations for the network.

### Analysis

It is clear that where Congress provides for nationwide service of process in connection with a federal statutory cause of action, the court will have in personam jurisdiction over a non-resident defendant, without regard to that defendant's contact's with the forum. E.g. *Fitzsimmons v. Barton*, 589 F.2d 330, 333 (7th Cir.1979) (securities violation); *Mariash v. Morrill*, 496 F.2d 1138 (2nd Cir.1974) (securities violation); *Shlomchik v. Retirement Plan*, 502 F.Supp. 240 (E.D.Pa.1980), aff'd, 671 F.2d 496 (3d Cir.1981) (ERISA); see also, *United States v. Union Pacific R.R.*, 98 U.S. (8 Otto) 569, 25 L.Ed. 143 (1878).

Plaintiff points to Bankruptcy Rule 7004(d) as this court's source for in personam jurisdiction. That Rule permits nationwide service of process in "adversary proceedings" before the Bankruptcy Court.

Plaintiff neglects the obvious. The Bankruptcy Rules, by definition of their scope in Rule 1001, apply to proceedings before the Bankruptcy Courts and there is no indication that the service of process provisions are to be employed to extend the jurisdiction of the District Court. Furthermore, Rule 7004 applies to "adversary proceedings," and while the present action might be akin to such a proceeding, it did not originate in the Bankruptcy Court, nor does it carry with it the Rule's underlying justification of furthering the collection and administration of the debtor's estate in bankruptcy.

The decisions advanced by plaintiff are inapposite. Each one involves an adversary proceeding which originated in the Bankruptcy Court, was subject to the Bankruptcy Rules, and was then transferred to the District Court. See, *In re WWG Industries, Inc.*, 44 B.R. 287 (N.D.Ga. 1984); *In re Ram Manufacturing, Inc.*, slip opinion, Misc. No. 83–642 (E.D.Pa. Sept. 26, 1985) [Available on WESTLAW, DCTU database]. Those cases do not support the proposition advanced here.

Finally, we note our considerable reluctance to assert and expand this court's jurisdiction over a non-resident party without clear indication of authority to do so. As described above, there is no clear delegation to this court of the authority to effect nationwide service in cases not originating in the Bankruptcy Court. We therefore decline to assert jurisdiction grounded on Rule 7004(d).

This is not dispositive of defendant's motion to dismiss. Plaintiff contends that defendant Cherner had sufficient contacts with this forum to justify jurisdiction under the Pa. Long Arm Statute.[1] The parties have indicated that discovery on this issue is necessary and we will therefore provide a period for discovery limited to this question.

An appropriate order will be entered.

---

1. It is uncertain on this record whether Cherner was an employee of WFBR or an independent consultant. Without deciding the question, we are moved to indicate that this may be an important distinction in considering the minimum contact basis of personal jurisdiction. See, *Techno Corp. v. Dahl Associates, Inc.*, 521 F.Supp. 1036, 1037 (W.D.Pa.1981), and 535 F.Supp. 303 (W.D.Pa.1982).