SUNBIRD AIR SERVICES, INC., individually and on behalf of all others similarly situated, Plaintiff,

v.

BEECH AIRCRAFT CORPORATION, Pratt & Whitney Aircraft of West Virginia, Inc., Pratt & Whitney Canada, Inc., Bendix Avelex, Inc., Bendix Corporation, and Allied–Signal, Inc., Defendants.

Civ. A. No. 89–2181–V.

United States District Court, D. Kansas.

March 31, 1992.

See also 789 F.Supp. 360.

Stephen W. Cavanaugh, Charles S. Fisher, Jr., Fisher, Cavanaugh & Smith, P.A., Topeka, Kan., Herbert B. Newberg, Dante Mattioni, Kenneth Giannantonio, Philip Ford, Mattioni, Mattioni & Mattioni, Ltd., Philadelphia, Pa., for Sunbird Air Services, Inc.

William L. Oliver, Jr., Dwight D. Wallace, Terry L. Malone, William Robert Martin, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for Beech Aircraft Corp.

Charles W. Harris, Curfman, Harris, Borniger, Rose & Weltz, Wichita, Kan., Robert W. Ogren, Donna L. Yesner, Pettit & Martin, Washington, D.C., Walter G. Petty, III, Richard M. Hunt, Dallas, Tex., for Pratt & Whitney Aircraft, Pratt & Whitney Canada, Inc.

Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, Kan., John M. Kilroy, Thomas F. Fisher, Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., for Bendix Avelex, Inc., Bendix Corp. and Allied–Signal Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This matter is before the court on defendants' motion to dismiss (Doc. 82) Counts I, III, IX and the unnumbered claim of "fraudulent concealment" of plaintiff's complaint for failure to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). Plaintiff has responded and opposes the motion. For the reasons stated below, defendants' motion to dismiss is denied.

As an initial matter, the court notes that defendants' motion was originally directed at each of the fraud counts contained in plaintiff's original and First Amended Complaints, namely Count I (fraud and deceit), Count III (RICO), Count IX (civil conspiracy) and an unnumbered count entitled "Fraudulent Concealment." The fraud claims in plaintiff's Second Amended Complaint are now contained in Count I (fraud and deceit), Counts III, IV, V and VI (RICO), Count XII (civil conspiracy), and Count XIII (fraudulent concealment). Upon plaintiff's filing of its Second Amended Complaint, the parties were permitted to file supplemental memoranda in support of their positions and the parties have done so.

The court may not dismiss a cause of action for failure to state a claim unless it

**366**

appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him. to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

 Rule 9(b) of the Federal Rules of Civil Procedure provides in relevant part:
In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

To sufficiently plead an allegation of fraud with particularity, the plaintiff:
must describe with specificity "the circumstances constituting the fraud, including such matters as the time, place, and content of the false representations, as well as the identity of the person making the representation and what was obtained or given thereby."
*Smith v. MCI Telecommunications Corp.*, 678 F.Supp. 823, 825 (D.Kan.1987) (citation omitted). The requirement of greater specificity is to give defendants notice of the conduct complained of. *NL Industries, Inc. v. Gulf & Western Industries, Inc.*, 650 F.Supp. 1115, 1129–30 (D.Kan.1986). However, to meet the requirements of Rule 9(b) a complaint need not "recite the evidence or plead detailed evidentiary matter[.]" *Modern Settings, Inc. v. Prudential–Bache Secur., Inc.*, 603 F.Supp. 370, 374 (S.D.N.Y.1985) (citation omitted). Similarly, Rule 9(b) does not require particularity to the degree so as to supplant general discovery methods. *Markovich v. Vasad Corp.*, 617 F.Supp. 142, 147 (E.D.Pa.1985). Additionally, where allegations of fraudulent conduct are numerous or take place over an extended period of time, less specificity is required to meet the requirements of Rule 9(b). *See, e.g., Folsom v. Continental Illinois Nat. Bank & Trust Co.*, 633 F.Supp. 178, 186 (N.D.Ill.1986).

After reviewing the parties' briefs and plaintiff's Second Amended Complaint, the court finds that plaintiff's fraud claims are stated with sufficient particularity to give defendants notice of the fraudulent activity with which they are charged. The court concludes therefore, that plaintiff's fraud claims are stated with sufficient particularity to meet the requirements of Fed. R.Civ.P. 9(b).

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion to dismiss (Doc. 82) Counts I, III, and IX of plaintiff's complaint is denied.

IT IS SO ORDERED.