ALLIEDSIGNAL INC., Plaintiff,

v.

**BLUE CROSS OF CALIFORNIA,**
Defendant.

Civ. A. No. 95–2931 (JCL).

United States District Court,
D. New Jersey.

April 29, 1996.

Matthew P. Boylan, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, NJ, for Plaintiff.

Hugh Francis, Francis & Berry, Morristown, NJ, for Defendant.

## MEMORANDUM AND ORDER

LIFLAND, District Judge.

Blue Cross of California ("BCCA") moves to dismiss AlliedSignal Inc.'s ("AlliedSignal's") Complaint for lack of personal jurisdiction pursuant to *Fed.R.Civ.P.* 12(b)(2). BCCA contends that even under the Employee Retirement Income Security Act's ("ERISA's") nationwide service of process provision, the Fifth Amendment's Due Process clause requires satisfaction of the criteria set forth in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), essentially that BCCA have sufficient minimum contacts with New Jersey such that this Court's exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' " 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). AlliedSignal responds that because of the nationwide service provision, personal jurisdiction over BCCA is proper in any district court in the United States. For the reasons articulated below, the Court agrees with AlliedSignal and denies BCCA's motion.

### Background

This is a breach of fiduciary duty case brought in the special context of ERISA. *See* 29 U.S.C. § 1001 *et seq.* BCCA, along with many other Blue Cross entities, administered AlliedSignal's self-insured medical benefit plan (the "Plan") on a nationwide basis. Although no written agreement exists between AlliedSignal and BCCA, pursuant to contracts with intermediaries BCCA pays California hospitals for medical services pro-

vided under the Plan to AlliedSignal employees, retirees, and their dependents residing in California. AlliedSignal's Complaint alleges that BCCA failed to permit AlliedSignal to conduct an audit of BCCA's payments to California hospitals in connection with the Plan, thus breaching BCCA's fiduciary obligations to AlliedSignal. The Complaint also asserts pendent breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and fraudulent inducement, conversion, and breach of common law fiduciary duty.

### Discussion

■ As Justice Brandeis noted, Congress has the power "to provide that the process of every District Court shall run into every part of the United States." *Robertson v. Railroad Labor Bd.,* 268 U.S. 619, 622, 45 S.Ct. 621, 622, 69 L.Ed. 1119 (1925) (citations omitted). Accordingly, ERISA provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

■ Although ERISA and a number of other federal statutes authorize nationwide service of process, such provisions are not easily reconcilable with a strict application of the minimum contacts doctrine. *See* 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.1 at 311 (1987). "The Supreme Court never has ruled on the issue, but all of the courts of appeals that have addressed the question have applied a national contacts standard when process is served under an applicable federal service provision." *Id.* (footnote omitted); *see, e.g., Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671–72 (7th Cir.1987), *cert. denied,* 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988); *Texas Trading & Milling Corp. v. Federal Republic of Nigeria,* 647 F.2d 300, 314–15 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982); *Driver v. Helms,* 577 F.2d 147, 156–

57 (1st Cir.1978), *rev'd on other grounds sub nom. Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). Under the national contacts standard, a defendant is required to have minimum contacts with the forum, although the forum is not one particular state, but the United States generally.

The law of this circuit accords with that of the other circuits, and counsels use of a national contacts analysis when appraising personal jurisdiction in a case arising under a federal statute that contains a nationwide service of process provision. *See Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 294 n. 3 (3d Cir.) ("The constitutional validity of national contacts as a jurisdictional base is confirmed by those statutes which provide for nationwide service of process wherever defendant is 'doing business' or 'may be found.'"),[1] *cert. denied*, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir.), *cert. denied*, 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981) ("The anomaly of a federal court being limited by the requirement of the [restrictions placed on a state court's jurisdiction ·by the] fourteenth amendment [as opposed to restrictions placed on a federal court's jurisdiction under the fifth amendment] ... could be easily rectified by congressional authorization of nationwide service of process...."); *Staffin v. Greenberg*, 509 F.Supp 825, 831 (E.D.Pa. 1981), *aff'd*, 672 F.2d 1196, 1208 (3d Cir. 1982); *see also United States v. Famous Artists Corp.*, 1996 WL 114932, at *4 (E.D.Pa.1996); *Sovereign Bank v. Rochester Community Sav. Bank*, 907 F.Supp. 123, 125 (E.D.Pa.1995); *Berk v. Ascott Inv. Corp.*, 759 F.Supp. 245, 261–62 (E.D.Pa.1991); *American Trade Partners v. A–1 Int'l Importing Enters., Ltd.*, 755 F.Supp. 1292, 1302 (E.D.Pa.1990); *Metro Communications, Inc. v. Baltimore Radio Show*, 68 B.R. 9, 10 (W.D.Pa.1986); *Shulton, Inc. v. Optel Corp.*, 1986 WL 15617, at *4 (D.N.J.1986); *City of Harrisburg v. Bradford Trust Co.*, 621 F.Supp. 463, 467 n. 2 (M.D.Pa.1985); *Ethanol Partners Accredited v. Wiener, Zuckerbrot, Weiss & Brecher*, 617 F.Supp. 300, 305–07 (E.D.Pa.1985); *Kramer v. Scientific Control Corp.*, 365 F.Supp. 780, 787 (E.D.Pa.1973) ("[I]t must be remembered that the United States is one jurisdictional area, even though it may be divided into 50 states and numerous judicial districts."); *cf. Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 198–205 (E.D.Pa.1974) ("Even though we are not persuaded that federal service of process statutes are constrained by constitutional due process strictures as defined in *International Shoe*, we believe that the federal extraterritorial service power is not unlimited, ... and that [a fairness test] must be imposed.").[2] Indeed, in the very context of an ERISA action, Judge Lechner has concluded that "[w]hen Congress has enacted a nationwide service of process procedure such as [in] ERISA ..., a federal court may exercise personal jurisdiction over a properly served defendant provided the defendant has minimum contacts with the United States." *IUE AFL–CIO Pension Fund v. Locke Mach. Co.*, 726 F.Supp. 561, 565 (D.N.J. 1989); *see Shlomchik v. Retirement Plan of the Amalgamated Ins. Fund*, 502 F.Supp. 240, 242 (E.D.Pa.1980), *aff'd*, 671 F.2d 496 (3d Cir.1981); *see also McCracken v. Automobile Club of Southern Cal., Inc.*, 891

---

1. The mere presence of such statutes cannot confirm the constitutional validity of the national contacts approach. Yet, the Court of Appeals was well aware that other circuits had approved national contacts analysis in cases that, unlike *Max Daetwyler*, involved nationwide service of process statutes.

2. The Court notes that even under the *Oxford First Corp.* fairness test, on this record there is nothing unfair about exercising personal jurisdiction over BCCA. Under this test, the following factors should be weighed: (1) defendant's contacts with the forum; (2) defendant's inconvenience in defending in a distant forum; (3) judicial economy; (4) the probable situs of discovery proceedings; and (5) the extent of the impact of the activity in question beyond the borders of defendant's residence or business. *See* 372 F.Supp. at 203–04. BCCA, pursuant to a contract with an Indiana intermediary, pays California hospitals for medical services provided under the Plan, administered in New Jersey, to Allied-Signal employees, retirees, and their dependents residing in California. (*See* Lohnberg Decl. ¶ 6; Anderson Decl. ¶¶ 4, 6, 7.) As such, BCCA realizes the benefits of New Jersey business, the impact of its activity is felt in New Jersey, and discovery would likely be divided between New Jersey, Indiana, and California.

F.Supp. 559, 561 (D.Kan.1995) ("[A] persuasive number of courts have used the national contacts standard in ERISA actions.").

▪▪▪ Turning to the facts of this case, BCCA is a California corporation admittedly residing and conducting business within the United States. (Lohnberg Decl. ¶ 3.) It thus has the requisite minimum contacts with the United States, *see* analysis in *Famous Artists Corp.*, 1996 WL 114932, at *5–6, and is subject to this Court's personal jurisdiction pursuant to ERISA's nationwide service of process provision. In addition, the Court has discretion to exercise pendent personal jurisdiction over the state law claims. Because AlliedSignal has stated a colorable federal claim against BCCA which "derive[s] from a common nucleus of operative fact," *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *see Robinson v. Penn Cent. Co.*, 484 F.2d 553, 555–56 (3d Cir.1973), judicial economy suggests that the Court hear the federal and state law claims together. *See Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.[3]

Notwithstanding the wealth of authority to the contrary, BCCA suggests the law in this circuit is different, relying upon a footnote in *In Re Real Estate Title and Settlement Servs. Antitrust Litig.*, in which the Court of Appeals observed:

> [T]his Court has held that the "minimum contacts" standard articulated in *International Shoe* generally applies to federal courts in federal statutory cases as well as to state courts, at least, it would seem, in cases in which Congress has *not* spoken to the extent of the reach of the federal court by, for example, providing for nationwide service. *Cf. Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 203–05 (E.D.Pa.1974) (a federal court's person-

al jurisdiction over a defendant being sued under a federal statute providing for nationwide service of process should be determined by reference to a fairness test . . .).

869 F.2d 760, 766 n. 6 (3d Cir.), *cert. denied sub nom. Chicago Title Ins. Co. v. Tucson Unified Sch. Dist.*, 493 U.S. 821, 110 S.Ct. 77, 107 L.Ed.2d 44 (1989) (citation omitted) (emphasis added).

BCCA's reliance on *Real Estate Title* is misplaced. The Court of Appeals' mention of *Oxford First Corp.* does not imply that this circuit has adopted a fairness test for measuring the constitutionality of nationwide service of process. *Real Estate Title* neither decided the appropriate standard for evaluating personal jurisdiction pursuant to a nationwide service of process statute, nor held that under such a statute minimum contacts with a particular state are required.

▪▪▪ BCCA also relies upon Professors Wright and Miller, who have written that a national contacts approach to personal jurisdiction in cases involving nationwide service of process statutes "includes no provision for protecting the defendant's right not to be forced to litigate in an unreasonably distant or inconvenient forum." 4 Wright & Miller, *supra*, § 1067.1 at 324. However, the passage continues: "[d]efendants in such cases still may look to venue and transfer provisions to protect their interest in a more convenient forum." *Id.* at 332. Personal jurisdiction and venue are two distinct doctrines,[4] *Horne v. Adolph Coors Co.*, 684 F.2d 255, 260 (3d Cir.1982), and BCCA has not objected to venue pursuant to Fed.R.Civ.P. 12(b)(3). Therefore, it has waived this objection. *See* Fed.R.Civ.P. 12(h)(1).

Accordingly, **IT IS** on this 26th day of April, 1996, **ORDERED** that BCCA's motion

---

3. BCCA asks that it be permitted to renew its motion to dismiss for lack of personal jurisdiction in the event the ERISA claim is dismissed. Because a court retains authority throughout the proceedings to dismiss pendent claims if that "seems the fairer course," *Robinson*, 484 F.2d at 556, the Court will entertain any application at the appropriate time.

4. As one district court explained in rather arboreal language:

> Jurisdictional problems encompass subject matter jurisdiction, service of process, venue, and personal jurisdiction. While all four branches grow from the same jurisdictional tree, each one produces its own fruit of problems. When counsel seeks to pluck a jurisdictional problem from the tree, they should be very careful to identify correctly the branch from which the problem came.
>
> *Hazel v. Curtiss–Wright Corp.*, 1990 WL 482125, at *11 (S.D.Ind.1990).

to dismiss for lack of personal jurisdiction is denied.