**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

JOSEPH R. MARTIN,

　　　　Defendant-Appellant.

Nos.  00-2138 & 00-2251
(D.C. No. CR-00-94-BB)
(D. N.M.)

No. 00-2139
(D.C. No. CR-96-255-BB)
(D. N.M.)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

　　　After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Joseph R. Martin was convicted of threatening to assault and murder a federal official. Defendant seeks to have his conviction vacated on the grounds that the district court violated his statutory and constitutional right to a speedy trial. We affirm.

## I. Background

In district court case No. CR-96-255, defendant was indicted for threatening to assault and murder a federal official in violation of 18 U.S.C. § 115. Defendant was taken into federal custody and arraigned on June 13, 1996. On July 19, 1996, defendant's counsel filed a motion requesting that the district court order a competency examination of defendant. The district court granted the motion, and defendant underwent a competency examination. On September 27, 1996, the district court held a competency hearing, and the court determined that defendant was incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d), the district court therefore ordered defendant committed to the custody of the Attorney General for competency treatment for a reasonable period of time not to exceed four months. The district court subsequently extended defendant's commitment for an additional four months.

-2-

On June 11, 1997, the district court held a second competency hearing, and the court determined that defendant was competent to stand trial. However, defendant's counsel subsequently filed an unopposed motion requesting that defendant be recommitted for further evaluation. The district court granted the motion and ordered defendant recommitted for a reasonable period of time not to exceed four months. The court subsequently extended defendant's commitment for an additional four months.

On July 2, 1998, the district court held a third competency hearing, and the court determined that defendant was incompetent to stand trial. The court therefore ordered defendant committed for further evaluation, and he remained in the custody of the Attorney General for the next year. A fourth competency hearing was subsequently scheduled for August 16, 1999. At the hearing, defendant requested that the court appoint new counsel to represent him, and the court granted defendant's request. Defendant's new counsel then filed an unopposed motion requesting another competency examination. The district court granted the motion, and defendant underwent another competency examination. After holding a fourth competency hearing, the court entered on order on January 11, 2000, finding defendant competent to stand trial.

On January 24, 2000, the government filed a motion to dismiss the indictment in case No. CR-96-255 without prejudice. The basis of the motion was

that the seventy-day statutory time limit under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), had expired in July of 1997. The government claimed that, through inadvertence, it did not discover the violation of the Speedy Trial Act until January 21, 2000. On February 2, 2000, the district court granted the government's motion and dismissed the indictment without prejudice.

On January 28, 2000, in district court case No. CR-00-94, the government filed a new criminal complaint against defendant. On February 7, 2000, a bench trial was held, and the district court found defendant guilty of violating 18 U.S.C. § 115. The district court then sentenced defendant to forty-six months in prison. Because defendant had already been in custody for fifty-five months, [1] he was given credit for time served and was released to serve a three-year term of supervised release. However, on June 14, 2000, the district court determined that defendant had violated the terms of his supervised release, and it was revoked. The district court then sentenced defendant to fourteen months in prison, which was reduced to five months due to his previous good time credits, and a thirty-month term of supervised release.

---

[1] This includes defendant's incarceration on state charges prior to his transfer to federal custody.

## II. Defendant's Appeals

Defendant has filed three separate appeals. First, in appeal No. 00-2139, defendant is appealing the district court's dismissal of the original indictment without prejudice in case No. CR-96-255. Second, in appeal No. 00-2138, defendant is appealing his conviction in case No. CR-00-94. Third, in appeal No. 00-2251, defendant is appealing the revocation of his supervised release in case No. CR-00-94. It is important to note, however, that defendant is not challenging the merits of his conviction or the revocation of his supervised release. Instead, based on the alleged violations of his statutory and constitutional right to a speedy trial, defendant's only claim on appeal is that the district court should have dismissed the original indictment with prejudice and thereby prohibited the government from reprosecuting him on the same charges.

This court does not have jurisdiction over appeal No. 00-2139 because the district court's dismissal of the original indictment without prejudice was not an appealable final judgment. *See United States v. Tsosie*, 966 F.2d 1357, 1361 (10th Cir. 1992). Nonetheless, in appeal No. 00-2138, defendant has properly appealed his conviction in case No. CR-00-94, and we have jurisdiction in appeal No. 00-2138 to consider defendant's claim that the district court erred by failing to dismiss the original indictment with prejudice. *See United States v. Kelley*, 849 F.2d 1395, 1397 (11th Cir. 1988) (holding that a defendant may appeal order

-5-

dismissing indictment without prejudice for violation of Speedy Trial Act after conviction is obtained in subsequent prosecution).

## III. Speedy Trial Act

"The Speedy Trial Act . . . requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999) (citing 18 U.S.C. § 3161(c)(1)). However, "certain periods of delay are excluded [under the Act] and do not count toward the 70-day limit." *Id.* In particular, "any period of delay resulting from the fact that the defendant is mentally incompetent . . . to stand trial" is excluded, *see* § 3161(h)(4), as is any "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant," *see* § 3161(h)(1)(A).

Under § 3162(a)(2), once the district court determines that seventy non-excludable days have passed, the sanction is mandatory dismissal of the indictment, and the only issue is whether the dismissal is with or without prejudice. *See Tsosie,* 966 F.2d at 1358. To make this determination, the district court must consider "'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice.'" *United States*

-6-

*v. Jones* , 213 F.3d 1253, 1256 (10th Cir. 2000) (quoting § 3162(a)(2)).  The

district court must also consider any prejudice to the defendant.        *Id.* at 1256-57.

The district court found, and the government does not dispute, that the

government violated the Speedy Trial Act in case No. CR-96-255 because

seventy-five non-excludable days passed between: (1) the day of defendant's

arraignment and the date defendant's counsel first moved for a competency

examination; and (2) the date the district court initially determined that defendant

was competent to stand trial and the date defendant's counsel filed his unopposed

motion to have defendant recommitted.  Applying the relevant factors, the district

court then determined that the indictment should be dismissed without prejudice

because: (1) the offense of threatening to assault and murder a federal official is

"obviously" serious; (2) the delay in bringing defendant to trial was not the result

of prosecutorial bad faith, but was instead the result of defendant's "wavering

between competency and incompetency, by a thin margin on either side;"

(3) defendant suffered little, if any, prejudice as a result of the delay; and (4) a

dismissal with prejudice was not necessary to ensure future compliance with the

Speedy Trial Act.   *See* R., No. 00-2139, Vol. 1, Tab 71, at 4-5.  We review the

district court's decision to dismiss the indictment without prejudice for an abuse

of discretion.   *See Jones* , 213 F.3d at 1256.

We agree with the district court's analysis. As the district court found, threatening to assault and kill a federal official is clearly a serious offense, and the seriousness of the offense was compounded by the fact that two firearms were found in defendant's motor home at the time of his arrest. This case is also unique in that defendant was repeatedly found to be incompetent to stand trial, and he is not challenging the propriety of any of the actions taken by the district court or his own counsel in having him committed for competency examinations and extensive treatment. We hold, therefore, that the district court did not abuse its discretion in refusing to dismiss the original indictment with prejudice.

IV. Sixth Amendment

Defendant also alleges that he was denied his Sixth Amendment right to a speedy trial. "In determining whether a defendant has been deprived of his constitutional right to a speedy trial under the Sixth Amendment, a court should consider and balance the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant." *Hill*, 197 F.3d at 443 (quotation omitted).

Here, the lengthy delay in bringing defendant to trial was necessitated by his incompetency; defendant's defense in case No. CR-00-94 was not prejudiced by the delay; and defendant did not assert his right to a speedy trial until December 8, 1999--almost three-and-a-half years after he was taken into federal

-8-

custody, *see* R., No. 00-2139, Vol. I, Tab 57, at 1. Accordingly, we hold that defendant was not deprived of his Sixth Amendment right to a speedy trial.

V. Conclusion

The district court's order of dismissal without prejudice in case No. CR-96-255 and defendant's conviction in case No. CR-00-94 are AFFIRMED. Because defendant has not challenged the merits of the revocation of his supervised release, the district court's revocation of defendant's supervised release in case No. CR-00-94 is also AFFIRMED. We DISMISS appeal No. 00-2139 for lack of jurisdiction.

Entered for the Court

Monroe G. McKay
Circuit Judge

-9-