CALDWELL–BAKER CO.,
et al., Plaintiffs,

v.

SOUTHERN ILLINOIS RAILCAR
CO., et al., Defendants.

Civil Action No. 00–2380–CM.

United States District Court,
D. Kansas.

Oct. 4, 2002.

Linus L. Baker, The Baker Group, L.L.C., Prairie Village, KS, for Plaintiffs.

Philip R. Dupont, Blackwell Sanders Peper Martin, LLP, Rick E. Frawley, Kutak Rock LLP, Kansas City, MO, Gregory J. Minana, Blackwell Sanders Peper Martin, LLP, St. Louis, MO, Mark D. Hinderks, Stinson Morrison Hecker LLP, Overland Park, KS, Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, KS, for Defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Pending before the court is plaintiffs' Motion to Certify Order in Multiple Party Case (Doc. 493). As set forth below, plaintiffs' motion is denied.

● **Background**

On June 18, 2002, the court issued a Memorandum and Order which granted defendants De Bruce Grain, Inc., General Mills, Michelle Seiberlich, Southern Illinois Railcar LLC (SIRC LLC), Fred L. Parsons, Kurt E. Johnson, and Gary J. Goodman (hereinafter "the remaining defendants")'s motions to dismiss. *Caldwell–Baker Co. v. S. Ill. Railcar Co.*, No. 00–2380, 2002 WL 1467588 (June 18, 2002) (hereinafter "the June 18 order"). The court also found that defendant Southern Illinois Railcar Co. (SIRC)'s previous filing of a bankruptcy petition operated as an automatic stay of the continuation of judicial action against it. *Id.* at n. 2 (citing 11 U.S.C. § 362). The court therefore denied as moot and without prejudice plaintiffs' motion for partial summary judgment against defendant SIRC, and permitted the motion to be reasserted if and when the bankruptcy court permitted plaintiffs to pursue their claims against defendant SIRC. *Id.*

The court's dismissal without prejudice of plaintiffs' motion for partial summary judgment against defendant SIRC was not an appealable final judgment. *See United States v. Martin,* 16 Fed.Appx. 943, 945, 2001 WL 909022, at *2 (10th Cir.2001) (citation omitted). Because any order which adjudicates fewer than all of the claims brought in the action does not terminate the action as to any of the parties, *see* Fed.R.Civ.P. 54(b), the court's June 18 order was not an appealable final judgment. Given this procedural backdrop, plaintiffs move the court, pursuant to Fed.R.Civ.P. 54(b), to amend its June 18 order to direct the clerk to enter final judgment against the remaining defendants, so that plaintiffs may appeal as to those defendants.

● **Rule 54(b)**

Rule 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R.Civ.P. 54(b). Because "sound judicial administration does not require that Rule 54(b) requests be granted routinely," the power to grant such a request rests with the sole discretion of a district court. *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

In analyzing a Rule 54(b) motion, "a district court must first determine that it is dealing with a 'final judgment.'" *Id.* at 7, 100 S.Ct. 1460. The court's disposition must have been a "'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (citation omitted). The court finds that the part of its June 18, 2002 order that granted motions to dismiss in favor of the remaining defendants constituted a "final judgment" for purposes of Rule 54(b), because it was an ultimate disposition of plaintiff's claims against the remaining defendants.

After determining finality, the court must examine whether there is any just reason for delay. Fed.R.Civ.P. 54(b), *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460. "In deciding whether there are no just reasons to delay the appeal of individual final judgments ... a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (citation omitted).

Here, the court believes that concerns of effective judicial administration counsel against a Rule 54(b) certification. The court finds that there exists a just reason to delay the appeal of the individual final judgments in this case. First, there is significant factual overlap between plaintiffs' claims against defendant SIRC and against the remaining defendants. Indeed, the entire underlying basis for plaintiffs' claims against all of the defendants was an alleged breach of an agreement between plaintiffs and defendant SIRC. Plaintiffs asserted claims against the remaining defendants due to their status as officers of SIRC, as entities allegedly related to SIRC, or as parties who had purportedly entered into subsequent agreements with SIRC. Clearly, this is not a case in which plaintiffs have asserted a factual basis for the remaining defendants' liabilities that is distinct from the basis of plaintiffs' claims against defendant SIRC.

Second, while the court granted the remaining defendants' motions to dismiss without considering the merits of plaintiffs' claim against defendant SIRC, if a court were to ever consider the merits of plaintiffs' claims against the remaining defendants, those legal issues would be inextricably intertwined with the issues raised by plaintiffs in their claims against defendant SIRC.

The court thus finds that certifying the claims against the remaining defendants under Rule 54(b) would undoubtedly lead to duplicative litigation. Moreover, plaintiffs have asserted no equitable considerations indicating an appeal of the order dismissing the claims against the remaining defendants is appropriate in this case. Because the court finds that there are just reasons to delay the entry of judgment, the court denies plaintiffs' motion for certification pursuant to Fed.R.Civ.P. 54(b).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Certify Order in Multiple Party Case (Doc. 493) is denied.